<hr/>

### BROOKS v. TURNER.

### Opinion delivered March 4, 1918.

EVIDENCE—EXCEPTION TO HEARSAY RULE—MATTER OF PEDIGREE.— Hearsay evidence is admissible in matters of pedigree, and wher that question is in issue and evidence in support of a claimis offerede, it is an issue for the jury to determine the controverted relationship of the parties.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Moore, Vineyard & Satterfield,* for appellant.

1.  It was error to direct a verdict.  The evidence showed that appellant was the granddaughter of Henry Watson.  Reputation or hearsay was admissible.  15 Ark. 555; 24 *Id.* 586; 16 Cyc. 1223-4-5.

2.  Decedent's own declarations were admissible. 39 S. W. 507; 63 N. E. 701; 59 Miss. 588; 32 N. C. 185; 57 L. R. A. 548.

*Fink & Dinning,* for appellee.

The court properly directed a verdict.  The burden was on appellant to prove title.  She failed.  Marriage and heirship were not proven satisfactorily.  114 Ark. 84; 117 *Id.* 113; 3 R. C. L. 737; 7 C. J. 940; 8 L. R. A. (N. S.) 482; 174 Fed. Cas. No. 335; 46 Fed. 701; 157 Cal. 206; 93 C. C. A. 294; 14 Ala. 295; 29 Va. 172; 115 N. W. 912.

#### STATEMENT OF FACTS.

This action was instituted by the appellant against the appellee to recover the possession of certain lands in Phillips County, Arkansas.

Appellant alleged that Henry Watson was the owner of the lands in controversy; that he died in July,

1905, while in possession of the lands; that Lucy Watson, his widow, continued to live on the land until her death, which occurred March 22, 1910; that Julia McKizzick was the daughter and only child of Henry Watson; that appellant was the daughter and sole heir of Julia McKizzick and thus the granddaughter of Henry Watson; that Julia McKizzick, appellant's mother, died many years prior to the death of Henry Watson, leaving appellant as her only heir at law; that appellant was, therefore, the owner and entitled to possession of the land in controversy.

The appellee answered denying that appellant was the owner of the land, but admitted that Henry Watson was the owner and deraigned title from him by an oral contract to purchase and possession taken in pursuance of such contract and the payment of the consideration agreed upon as the purchase price. Appellee pleaded the seven years statute of limitations. The appellee admitted the death of Henry Watson, also of Lucy Watson, and of Julia McKizzick. But appellee denied that Julia McKizzick was the daughter of Henry Watson and denied that appellant was the only child of Julia McKizzick, and denied that she was the granddaughter of Henry Watson. He denied that appellant was entitled to the possession of the land.

Appellant testified that "it was commonly known that witness' grandmother's name was Emaline Peters, and that before her marriage to Peters she was Emaline Watson and the wife of witness' grandfather, Henry Watson." Appellant's mother's name was Julia McKizzick. Henry Watson was Julia McKizzick's father, and the grandfather of witness. Appellant lived with her grandfather until she was 14 or 15 years of age.

Another witness testified that he had known Henry Watson since 1886. He visited Watson often and knew Sally Brooks and knew that she was Henry Watson's granddaughter. He got acquainted with her when she was living at Watson's. Watson told witness that she was his granddaughter.

Watson had four or five wives, one of whom was named Emaline, who afterwards married Peters. Watson claimed them as his wives and lived with them all at different times. Several witnesses testified that they knew Sally Brooks, appellant, to be the granddaughter of Henry Watson. They got acquainted with her when she was a small girl living with Watson and Watson told them Sally Brooks was his grandchild.

The court found that the appellant had failed to establish the relationship of Henry Watson and Sally Brooks and instructed the jury, over the objection of the appellant, to return a verdict in favor of appellee, which was done. From a judgment dismissing appellant's complaint, this appeal is duly prosecuted.

WOOD, J., (after stating the facts). Several witnesses, some of them close neighbors and friends, who had known Watson for many years and who were well acquainted with his family and one of whom was his brother-in-law, testified that appellant was the granddaughter of Watson. Witnesses testified that they knew appellant was Watson's granddaughter because Watson told them so. She lived with him and he treated her as if she was his granddaughter.

The appellant, herself, and at least one other witness testified that Emaline Peters, appellant's grandmother, was the wife of Henry Watson.

In *Kelly's Heirs et al.* v. *McGuire & Wife et al.,* 15 Ark. 555, we held, quoting syllabus: "Reputation or hearsay is admissible in all matters of pedigree; and so, the repeated declaration of the father, that he had married, and by the marriage had two legitimate children, naming them, his recognition of them as his legitimate children, their recognition of him as their father, * * * are sufficient to prove the marriage of the father and the legitimacy of the children."

In that case, we said: "Declarations of members, or relatives of the family, or general repute in the family, are good evidence to establish marriage, death, birth, heirship, and the like, and may be proved by others as

well as surviving members of the family.'' P. 605. See, also, *Wilson* v. *Brownlee, Homer & Co.,* 24 Ark. 587.

In 10 R. C. L., page 963, section 140, it is said: ''Another recognized exception to the hearsay rule relates to family tradition or pedigree. Such evidence is admitted because it is the best the nature of the case admits; and because greater evils are apprehended from the rejection of such evidence than from its admission, the law has relaxed the general rules, and allowed the exception. The rule of law admitting hearsay evidence in cases of this sort rests upon the presumption that the declaration, family history, or family tradition, constituting the evidence offered, comes from persons having competent knowledge in respect to the subject matter of the declaration, family history, or tradition.'' And again, ''Reputation of marriage, unlike that of other matters of pedigree, may proceed from persons who are not members of the family. The reason of the distinction is to be found in the public interest which is taken in the question of the existence of a marriage between two parties, the propriety of visiting or otherwise treating them in society as husband and wife, the liability of the man for the debts of the woman, the power of the latter to act *sua jure,* and their competency to enter into new matrimonial engagements.'' Section 142. See, also, 16 Cyc., page 1223, *et sequiter* 1228.

The court, therefore, erred in holding as a matter of law that appellant had failed to establish that she was the granddaughter of Henry Watson, and in instructing the jury to return a verdict in favor of the appellee. It was an issue for the jury under the evidence to determine whether or not the appellant was the granddaughter of Henry Watson.

For the error indicated the judgment is reversed and the cause remanded for a new trial.